J-S45021-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAYVLON DONYA WELLS | : | |
| | : | |
| Appellant | : | No. 309 EDA 2022 |

Appeal from the PCRA Order Entered January 5, 2022
In the Court of Common Pleas of Delaware County
Criminal Division at No.:  CP-23-CR-0002340-2017

BEFORE:  OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 9, 2023**

Appellant Tayvlon Donya Wells *pro se* appeals from the January 5, 2022 order of the Court of Common Pleas of Delaware County ("PCRA court"), which dismissed without a hearing his petition for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  Briefly, as summarized by a prior panel of this Court in connection with Appellant's direct appeal:

> At a bench trial conducted on December 15, 2017, the victim, Emmanuel Foucha [(the "victim")], testified that he advertised the sale of a cellular telephone on an internet site known as Facebook Sell.  Appellant responded that he was interested in purchasing the device and the men agreed to meet in person at a nearby store.  [The victim] testified that the two men met, along with another individual who accompanied Appellant.  After discussing features of the cellular telephone, [the victim] testified that

Appellant pulled a gun and stole the cellular telephone along with some cash [the victim] had in his pocket. Despite Appellant's testimony that the transaction proceeded amicably, the court found Appellant guilty of robbery and related offenses and sentenced him to six to twelve years' incarceration followed by six years of probation.

*Commonwealth v. Wells*, No. 876 EDA 2018, unpublished memorandum, at *1-2 (Pa. Super. filed November 5, 2018). Appellant timely appealed, challenging only the sufficiency of the evidence. On November 5, 2018, we affirmed his judgment of sentence. We determined that his claim was frivolous, reasoning:

The testimony given by [the victim] was sufficient to prove each element of the charged offenses beyond a reasonable doubt. More importantly, it was the trial court's responsibility, serving as the factfinder, to assess the credibility of the witnesses and credit all, part, or none of the evidence presented at trial. Since the court was clearly free to accept the version of events offered by [the victim], and to reject the version of events described by Appellant, the issue raised in this appeal is frivolous.

*Id.* at *4.[1] On November 12, 2019, Appellant *pro se* petitioned for collateral relief, asserting ineffectiveness claims. The PCRA court appointed counsel, who eventually filed a no-merit letter and petition to withdraw under *Turner*/*Finley*.[2] On March 26, 2021, the PCRA court granted counsel's petition to withdraw. On October 25, 2021, the PCRA court issued a

---

[1] Separately, we granted Appellant's counsel application to withdraw, as we found no non-frivolous issues.

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing.

Following Appellant's *pro se* response to the Rule 907 notice, the PCRA court,

on January 5, 2022, dismissed Appellant's post-conviction petition. Appellant

*pro se* timely appealed. Both Appellant and the PCRA court complied with

Pa.R.A.P. 1925.

On appeal,[3] Appellant raises the following issues for our review,

reproduced verbatim below.

> [I.] Did the PCRA court err in denying the Appellant a new trial due to ineffectiveness assistance of trial counsel?
>
> [II.] Whether trial counsel was ineffective for failure to investigate?
>
> [III.] Whether trial counsel was ineffective for failure to obtain surveillance video?
>
> [IV.] Whether trial counsel failure to ask for mis-trial due to perjury by the victim?
>
> [V.] Whether trial counsel failure to suppress evidence and statutes?
>
> [VI.] Whether trial counsel failure to ask for all possession, simple assault and robbery offenses to be dismiss due to no and weak evidence?

Appellant's Brief at 3 (unnecessary capitalizations omitted) (sic).

When a petitioner asserts an ineffectiveness claim, he is entitled to relief

if he pleads and proves that prior counsel rendered ineffective assistance of

---

[3] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014) (quoting ***Commonwealth v. Rainey***, 928 A.2d 215, 223 (Pa. 2007)).

- 3 -

counsel. 42 Pa.C.S.A. § 9543(a)(2)(ii). "To prevail on an [ineffectiveness] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*). "A petitioner **must prove all three factors** of the "**Pierce**[4] test," or the claim fails." *Id.* (emphasis added). Put differently, "[t]he burden of proving ineffectiveness rests with Appellant." *Commonwealth v. Chmiel*, 889 A.2d 501, 540 (Pa. 2005).

Instantly, Appellant is not entitled to relief. Despite his cursory and undeveloped argument that his ineffectiveness claims meet the arguable merit prong of the *Pierce* test, his brief is bereft of any discussion or argument with respect to the reasonable basis and prejudice prongs. As we repeatedly have emphasized, "[a] petitioner must prove all three factors of the *Pierce* test, or the [ineffectiveness] claim fails. In addition, on appeal, a petitioner **must adequately discuss all three factors** of the *Pierce* test, or the appellate court will reject the claim." *Reyes-Rodriguez*, 111 A.3d at 780 (emphasis added) (citing *Fears*, 86 A.3d at 804)). Thus, given Appellant's failure to

_____

[4] *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987).

discuss the reasonable basis and prejudice prongs on appeal, we must reject his ineffectiveness claims.[5] Accordingly, Appellant does not obtain relief.

    Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/2023

---

[5] We decline to offer an opinion on the merits of Appellant's claims notwithstanding his fatal failure to engage in a meaningful and complete analysis of the **Pierce** prongs.